Citation Nr: AXXXXXXXX
Decision Date: 07/29/21 Archive Date: 07/29/21

DOCKET NO. 200421-79531
DATE: July 29, 2021

REMANDED

The issue of entitlement to service connection for left lower extremity disability, claimed as left thigh neuropathy, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from December 1976 to February 1979. 

The modernized review system, or AMA, allows for veterans to opt-in by requesting review of a Statement of the Case (SOC) or Supplemental Statement of the Case (SSOC) issued on or after February 19, 2019, if it was received within one year of the date of the notification of the rating decision, or 60 days from the issuance of the SOC, whichever is later. Here, the Veteran elected to appeal to the Board of Veterans' Appeals (Board) in the AMA system after receiving March 2020 Statement of the Case (SOC). See April 2020 NOD (VA Form 10182). The Veteran requested Direct Review of the evidence considered by the Agency of Jurisdiction (AOJ) at the time of the issuance of the March 2020 SOC.

Unfortunately, after a thorough consideration of the evidence considered at the time of the March 2020 SOC, the Board finds that pre-decisional duty to assist errors were made. Therefore, a remand is necessary to cure those errors.

The Veteran seeks service connection for a left lower extremity disability, claimed as left thigh neuropathy. She asserts that she has a current left lower extremity disability related to an in-service injury to her left thigh. Indeed, service treatment records show that, in June 1978, the Veteran slipped between a ramp and a C-141. She was assessed to have a left thigh contusion. See December 2018 Service Treatment Records (STR-Medical). 

According to post-service medical records, in April 2019, a private medical doctor from Fairview Clinic stated that the Veteran was seen at the clinic for left upper leg neuropathy symptoms. This physician provided a positive nexus between the Veteran's current left leg condition and her in-service injury. See May 2019 Private Medical Treatment Record. 

At a March 2020 VA Peripheral Nerve examination, the examiner concluded that the Veteran did not have a current diagnosis of neuropathy in the left leg. The examiner rendered this conclusion despite the Veteran's report of symptoms, including numbness and pain, which resulted in difficulty moving her leg. 

The Board finds that two pre-decisional duty to assist errors were made. The first error was the AOJ's failure to make the necessary efforts to obtain the private medical records from the clinic referenced in the April 2019 private medical correspondence. VA has a duty to assist claimants to obtain evidence needed to substantiate a claim. 38 U.S.C. § 5103A; 38 C.F.R. § 3.159(c). This includes making reasonable efforts to obtain relevant private medical records. 38 C.F.R. § 3.159(c)(1). The doctor's notations that the Veteran was treated at the clinic for left leg neuropathic symptoms is relevant to the matter of whether she has a current neurological disability of this extremity. 

Secondly, although the Veteran was afforded a VA examination, the examination was specific to peripheral nerves. Based on the evidence, it is possible that the Veteran has a left thigh or leg condition that is not affected by the peripheral nerves. The service treatment records indicated that she had a left thigh contusion. The AOJ should have provided any appropriate examinations, to include an orthopedic evaluation, that thoroughly examined the Veteran and that determined, based on the symptoms reported and noted in the evidence, if she has a current disability regarding her left thigh that may not affect her peripheral nerves. 

On remand, the AOJ must make the reasonable efforts to obtain any available medical records from the Fairview clinic and provide the Veteran with adequate examinations that provide a thorough examination of her left leg or thigh. 

Accordingly, this matter is REMANDED for the following action:

1. Provide the Veteran an opportunity to identify any pertinent treatment records, specifically treatment records from the Fairview Clinic. The AOJ should secure any necessary authorizations, to include providing the Veteran with VA forms 21-4142/4142(a), General Release for Medical Provider Information and Authorization for Release of Information. Copies of all available private and VA documents should be associated with the Veteran's claims folder. 

If the records are unavailable, inform the Veteran of such and of the efforts made to obtain them. The Veteran should also be notified that she may submit any such records herself. All efforts should be recorded in the claims folder.

2. Then, accord the Veteran appropriate VA examination(s) to determine the nature and etiology of her left lower extremity. The examiner should have the opportunity to review the Veteran's claims file in conjunction with this examination. All testing deemed necessary should be conducted. After record review and examination(s), the VA examiner(s) should:

(a) diagnosis any orthopedic and neurological disabilities found with regard to the Veteran's left lower extremity. If there are different diagnoses than those currently of record, the examiner(s) should attempt to reconcile the diagnoses with the evidence of record. 

(b) If there is no diagnosis of an orthopedic or neurological disorder of the Veteran's left lower extremity, the examiner is asked to note whether pain alone (in the Veteran's left leg) results in functional impairment. If so, the examiner(s) should discuss the extent of such functional limitation caused by such pain.

(c) If it is found that the Veteran has a current orthopedic or neurological disability of her left lower extremityor has left leg pain resulting in functional impairment, the examiner(s) should opine as to whether any such diagnosed left leg disability (or such finding of functional impairment of the left leg) onset in, or is otherwise associated with, the Veteran's active duty? In answering this question, the examiner(s) must consider and address the June 1978 left leg injury resulting in left thigh contusion.

In rendering these opinions, the examiner(s) is advised that the Veteran is competent to report her symptoms/history and that such reports must be acknowledged and considered in formulating any opinion. If the Veteran's reports are discounted, the examiner(s) should provide a reason for doing so.

A fully articulated medical rationale for each opinion expressed must be set forth in the medical report. The examiner should discuss the particulars of this Veteran's medical history, pertinent lay evidence, and the relevant medical literature or studies as applicable to this case, which may reasonably explain the medical analysis in the study of this case.

If the examiner(s) cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

No action is required of the Veteran until she is notified by VA. However, she is advised of her obligation to cooperate in ensuring the duty to assist is satisfied. Kowalski v. Nicholson, 19 Vet. App. 171 (2005). Her failure to report for a scheduled VA medical examination may impact the determination made. 38 C.F.R. § 3.655. The Veteran also is advised that she has the right to submit additional evidence and argument with respect to these matters. Kutscherousky v. West, 12 Vet. App. 369 (1999). This appeal must be afforded prompt treatment.

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board S. Middleton, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.